### In re MALDONADO et al.

(Circuit Court, S. D. California.   October 19, 1894.

#### No. 26.

HABEAS CORPUS—DUE PROCESS OF LAW.
> An error of the state court in imposing a judgment on the theory that a statute defining an offense was not affected by a later statute defining a higher offense, and that an information charging the higher offense also embraced the lesser offense, and that a verdict thereon was a conviction of the lesser offense, cannot be corrected by habeas corpus in the circuit court of the United States on the ground that defendants were deprived of their liberty without due process of law, where all the proceedings in the state court down to the rendition of the judgment were duly had and taken.

This was a petition by Victor Maldonado and Francisco Maldonado for a writ of habeas corpus, alleging that they were unlawfully restrained of their liberty by the sheriff of Los Angeles county, in the state of California, on a judgment based upon a verdict of acquittal.

Horace Bell and H. H. Appel, for petitioners.

ROSS, District Judge.   A petition has been presented to me in the circuit court by Victor and Francisco Maldonado for a writ of habeas corpus, in which it is alleged that they are unlawfully restrained of their liberty, in violation of those provisions of the constitution of the United States which declare that no person shall be deprived of his liberty without due process of law.   The petition sets forth the grounds of their imprisonment in substance as follows:   That after an examination duly had before a committing magistrate an information was duly filed against the petitioners in the superior court of the county of Los Angeles, state of California, by which information the petitioners were accused of the crime of having, on the 14th day of October, 1893, at the county of Los Angeles, with the intent to derail a passenger train running from the town of Pasadena, in said county, to the city of Los Angeles, unlawfully placed

obstructions on the track and roadway of the Los Angeles Terminal Railway Company, over which said train was then running. That the petitioners were duly tried upon that charge, and that the jury duly returned a verdict against the petitioners in these words: "We, the jury in the above-entitled action, find the defendants guilty of having maliciously placed an obstruction upon the track of the railroad mentioned in the information, but that they did not intend thereby to derail a train." That the verdict was duly recorded, and that thereafter a motion on behalf of the petitioners for a judgment of acquittal was denied by the trial court, as was also a motion on their behalf for a new trial, and that subsequently each of the petitioners was by the court in which the verdict was returned sentenced to imprisonment in the state prison for the term of five years. That the petitioners duly appealed from the judgment against them to the supreme court of the state, but, through some misunderstanding of their counsel in respect to the rules of that court, failed to file the required points and authorities on their behalf, for which reason the supreme court of the state affirmed the judgment appealed from. That the supreme court of the state subsequently denied a motion to reinstate the appeal, and thereafter denied an application on behalf of the petitioners for a writ of habeas corpus. The petitioners allege that they are now in the custody of the sheriff of Los Angeles county, under process issued upon the judgment so rendered against them. That the prosecution against them was had under and by virtue of a statute of the state, passed March 31, 1891, in the words following, to wit:

"Every person who shall unlawfully throw out a switch, remove a rail, or place any obstruction on any railroad in the state of California, with the intention of derailing any passenger, freight, or other train, or who shall unlawfully board any passenger train with the intention of robbing the same, or who shall unlawfully place any dynamite or other explosive material, or any other obstruction, on the track of any railroad in the state of California, with the intention of blowing up or derailing any passenger, freight, or other train, or who shall unlawfully set fire to any railroad bridge or trestle over which any passenger, freight, or other train must pass, with the intent of wrecking said train, upon conviction shall be adjudged guilty of felony, and shall be punished with death or imprisonment in the state prison for life, at the option of the jury trying the case." Pen. Code, § 218.

The theory upon which the petition for the writ proceeds is that, inasmuch as the jury found that the petitioners did not intend, by the placing of the obstructions upon the track of the railroad mentioned in the information, to derail a train, they, in effect, acquitted the petitioners of the offense with which they stood charged, and that, therefore, the judgment against them was based upon a verdict of acquittal, and void. But section 587 of the Penal Code of California, of which judicial notice must be taken, provides:

"Every person who maliciously, either: (1) Removes, displaces, injures, or destroys any part of any railroad, whether for steam or horse cars, or any track of any railroad, or any branch or branch-way, switch, turnout, bridge, viaduct, culvert, embankment, station-house, or other structure or fixture, or any part thereof, attached to or connected with any railroad; or, (2) places

any obstruction upon the rails or track of any railroad. or of any switch. branch. branch-way, or turnout connected with any railroad;—is punishable by imprisonment in the state prison not exceeding five years, or in the county jail not less than six months."

The theory upon which the superior court of the state proceeded in imposing its judgment evidently was that the second subdivision of section 587 was unaffected by the act of March 31, 1891, and that, while the information against the petitioners charged them with the higher offense denounced by the act of March 31, 1891, it also embraced the lesser offense, included within the provisions of section 587 of the Penal Code, and that the verdict was a conviction of the petitioners of the lesser offense. If the state court was wrong in that view (and of course I intimate nothing of the sort), still it was merely an error, to be corrected, if at all, by subsequent proceedings in the same action. The petition itself alleges that all of the proceedings in the superior court of the state, down to the rendition of the judgment, were duly had and taken. The superior court of the state, therefore, had jurisdiction of the parties, as well as of the offense with which the petitioners were charged. Under such circumstances, even if the judgment be void, and the petitioners can be held to be deprived of their liberty without due process of law, I am of opinion that they should be put to their writ of error to the supreme court of the state, by which, the petition alleges, the judgment of the superior court was affirmed. In *Ex parte* Royall, 117 U. S. 241, 6 Sup. Ct. 734, the supreme court said:

"Where a person is in custody under process from a state court of original jurisdiction for an alleged offense against the laws of such state, and it is claimed that he is restrained of his liberty in violation of the constitution of the United States, the circuit court has a discretion whether it will discharge him, upon habeas corpus, in advance of his trial in the court in which he is indicted; that discretion, however, to be subordinated to any special circumstances requiring immediate action. When the state court shall have finally acted upon the case, the circuit court has still a discretion whether, under all the circumstances then existing, the accused, if convicted, shall be put to his writ of error from the highest court of the state, or whether it will proceed, by writ of habeas corpus, summarily to determine whether the petitioner is restrained of his liberty, in violation of the constitution of the United States."

Writ denied, and petition dismissed.